UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM-CHARLES DUNN, | : | Case No. 1:24-cv-568 |
| Petitioner, | : | |
| vs. | : | District Judge Matthew W. McFarland |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| BUTLER COUNTY SHERIFF, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION[1]

Petitioner has filed a petition for a writ of habeas corpus in this Court. (Doc. 1). On October 31, 2024, the Court issued an Order for Petitioner to show cause, in writing within thirty (30) days, why this case should not be dismissed without prejudice on the ground that Petitioner failed to exhaust his available state-court remedies prior to applying for federal habeas corpus relief. (Doc. 2). Petitioner was advised that "failure to respond to this Order within the requisite 30-day period will result in the case being dismissed for want of prosecution." (*Id.* at PageID 12).

To date, more than thirty days after October 31, 2024 Order, Petitioner has failed to comply with the Order of the Court.[2]

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). Failure of a party to respond to an order of the Court or to inform the Court of his change of address warrants invocation of the

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] On November 13, 2024, the Order was returned to the Court as "undeliverable." (Doc. 3). Petitioner has not provided the Court with a new mailing address.

Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, this case should be dismissed for Petitioner's failure to comply with the Court's October 31, 2024 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

December 16, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).